IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY M. MYRICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-131 |
| | : | |
| PENSKE TRUCK LEASING, CO. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**                                                **April 18, 2006**

Penske Truck Leasing asks this Court to dismiss Amy Myrick's claim the company failed to accommodate the reduced mental capacity she suffered after her horse kicked her in the head. Penske argues the claim is time-barred and Myrick does not qualify as a disabled person.  Because I find Myrick's claim timely and her qualification as a disabled person a factual question, I will deny Penske's Motion for Summary Judgment.

**FACTS**

Myrick had been a commended contract analyst for Penske for more than two years when she was kicked in the head by her horse on June 26, 2002.  Myrick was unconscious and then hospitalized for several weeks after the accident with amnesia, vision problems, facial fractures and a broken jaw.  Myrick returned to work in August, 2002 with her broken jaw still wired.  The quality of Myrick's work deteriorated to the point she was put on probation March 6, 2003.

At the time she was put on probation, Myrick consulted a lawyer and a neurologist.  The doctor said Myrick could work with accommodation.  Myrick received short-term disability payments and Social Security Disability Income (SSDI), both of which required an inability to work. Myrick did not learn of other less intellectually demanding jobs at Penske until discovery was

1

underway in this case.

**DISCUSSION**

A motion for summary judgment will only be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of proving no genuine issue of material fact is in dispute and the court must review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176-77 (3d Cir. 1997). In considering a motion for summary judgment, a court does not resolve factual disputes or make credibility determinations. *Big Apple BMW, Inc. v. BMW of N. Am. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied,* 507 U.S. 912 (1993).

Penske argues Myrick's claims are time barred and Myrick is not a "qualified individual" under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181 *et seq*., for two reasons: she testified she could not perform any work after May, 2003, and her requests for accommodation are unreasonable.

Myrick's claim is not time barred. Before bringing a civil suit under the ADA, a plaintiff must first file a discrimination charge with the EEOC within 300 days of the allegedly discriminatory act. 42 U.S.C. § 2000(e)-5(e). Myrick initiated her claim of discrimination with the EEOC on April 2, 2004, within 300 days of the June 17, 2003 decision by Penske not to accommodate her disability.

Penske also argues Myrick cannot both be totally disabled and able to work. The Social Security Administration agreed with Myrick she could not work, or work would be intolerable, and she receives disability payments. Myrick has also represented to Penske she is able to work with

reasonable accommodation.  Under *Cleveland v. Policy Managment System Corp.*, 526 U.S. 795, 806 (1999), Myrick must explain her statements of total disability to defeat summary judgment by the employer.  *Id.*  Simply averring the statutory scheme governing SSDI benefits differs from the ADA is insufficient to defeat summary judgment.  *Motley v. N.J. State Police*, 196 F.3d 160, 166 (3d Cir. 1999).  The Third Circuit in *Turner v. Hershey Co.*, recently decided prior statements made in support of SSDI benefits should not estop a plaintiff from asserting she is a qualified individual under the ADA, if those statements did not "state categorically [the plaintiff] could not work at all, or take into account [the plaintiff's] entitlement to reasonable accommodation."  440 F.3d 604, 608 (3d Cir. 2006).  The Third Circuit cites *Cleveland*, where the Supreme Court held

> statements in support of an SSDI application do not take into account the concept of reasonable accommodation under the ADA and, therefore, do not necessarily estop a claim under the ADA that one is capable of performing the essential functions of one's position *with reasonable accommodation*.

*Turner*, 440 F.3d at 609 (emphasis in original).  Following *Turner*, statements of inability to work "must be read as lacking the qualifier of reasonable accommodation which [does] not apply for purposes of [an] SSDI application, but does apply for purposes of [an] ADA claim." *Id.*

*Cleveland* requires a plaintiff to provide a "sufficient explanation" to negate the apparent contradiction between a statement in an application for disability benefits that she is unable to work, and her claim for accommodation under the ADA.  *Cleveland*, 526 U.S. at 806.  To defeat summary judgment, this explanation must be "sufficient to warrant a reasonable juror's concluding that assuming the truth of, or plaintiff's good faith belief in the earlier statement, that plaintiff could nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodations.'" *Id.* at 807.

3

Myrick explains the statements she made in the Social Security and short-term disability applications refer to her former job as a contract analyst in the real estate department, and not to other positions.  Myrick contends she never said she could not work without accommodation and her statements were made under the belief  there were no other jobs available at Penske she could perform with or without accommodation.  It was not until after the institution of this suit, Myrick argues, she obtained knowledge, through discovery, of job openings at Penske posted while she and her attorney were requesting reasonable accommodation.  Myrick also contends the inconsistency in her statements is explained by reference to the difference between the definitions of "disability" under the ADA and SSDI statutes.

Myrick's explanation is sufficient under *Cleveland* to negate the apparent contradiction between her prior statements in applications for SSDI and short-term disability benefits, and her current claim for accommodation under the ADA.  A reasonable juror could conclude, assuming the truth of or Myrick's good faith belief in the earlier statement, that Myrick could nonetheless perform the essential functions of another job at Penske, with or without reasonable accommodations.

The Third Circuit, in *Skerski v. Time Warner Cable Co.*, held there was a "genuine issue of material fact" as to whether the plaintiff's requested accommodation "would have been a *reasonable* accommodation."  257 F.3d 273, 286 (emphasis added).  Myrick's timely complaint raises an issue of material fact; thus, I deny summary judgment.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY M. MYRICK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-131 |
| | : | |
| PENSKE TRUCK LEASING, CO. | : | |

## **ORDER**

And now this 18th day of April, 2006, Defendant's Motion for Summary Judgment (Document 14) is DENIED.  The scheduling order of March 2, 2006 remains in effect.


BY THE COURT:


    \s\ Juan R.Sánchez            
                     Juan R. Sánchez, J.